IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| QUINTON A. CAGE, | ) |
| Petitioner, | ) |
| | ) No. 3:99-cv-00362 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| STATE OF TENNESSEE, *et al.*, | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

Petitioner Quinton A. Cage has submitted several pro se filings as follows: "Rule 46 F.R.C.P. Objections" (Doc. No. 27), a letter (Doc. No. 28), Declaration (Doc. No. 29), and "Amended Rule 48 Objection to Add Supplemental Information in addition to Prior Rule 48 Facts." (Doc. No. 30).

In 1994, Cage was convicted of aggravated rape, especially aggravated kidnapping, aggravated robbery, attempted aggravated robbery, and reckless endangerment with a deadly weapon. He was sentenced to 55 years in prison. The Tennessee Court of Criminal Appeals affirmed Cage's conviction, and the Tennessee Supreme Court denied Cage leave to appeal. *State v. Cage*, No. 01C01-9605-CC00179, 1999 WL 30595 (Tenn. Crim. App. Jan. 26, 1999). He filed a petition for post-conviction relief in 2000 alleging ineffective assistance of counsel. *State v. Cage*, No. M2000-01989-CCA-R3-PC, 2001 WL 881357, at *1 (Tenn. Crim. App. Aug. 7, 2001), *perm. app. denied* (Tenn. Dec. 10, 2001). The post-conviction court denied relief and Tennessee Court of Criminals Appeals affirmed the judgment. *Id*. Cage since has filed for state habeas relief multiple times. *See Cage v. State*, No. M2019-01888-CCA-R3-HC, 2020 WL 3639932 (Tenn. Crim. App. July 6, 2020); *Cage v. State*, No. M2018-00568-CCA-R3-HC, 2018 WL 4523209

(Tenn. Crim. App. Sept. 21, 2018), *perm. app. denied* (Tenn. Dec. 7, 2018); *Cage v. David Sexton, Warden*, No. E2011-01609-CCA-R3-HC, 2012 WL 2764998 (Tenn. Crim. App. July 10, 2012), *perm. app. denied* (Tenn. Oct. 19, 2012); *Cage v. Carlton, Warden*, No. E2008-00357-CCA-R3-HC, 2008 WL 3245567 (Tenn. Crim. App. Aug. 8, 2008).

Over the last two decades, Petitioner repeatedly has attempted to collaterally attack the same state criminal judgment in federal court, beginning with the instant action.[1] As the Court of Appeals described:

> After his first two § 2254 petitions were dismissed without prejudice to allow Cage to exhaust his state court remedies, Cage filed his third petition, which the district court ultimately dismissed. *Cage v. Lewis*, No. 3:00-cv-00611 (M.D. Tenn. Nov. 22, 2000). Cage did not appeal. Cage has since filed four motions for authorization to file a second or successive § 2254 petition—either initially in this court or after the transfer of a § 2254 petition filed in the district court. We dismissed Cage's first two motions for failure to prosecute, *see In re Cage*, No. 13-5860 (6th Cir. Oct. 17, 2013) (order); *In re Cage*, No. 02-5353 (6th Cir. May 21, 2002) (order), and denied the other two for failure to meet the 28 U.S.C. § 2244(b) requirements for filing a second or successive petition, *see In re Cage*, No. 16-5046 (6th Cir. July 1, 2016) (order); *In re Cage*, No. 13- 6369 (6th Cir. June 12, 2014) (order). In August 2018, Cage filed another § 2254 petition in the district court. Pursuant to 28 U.S.C. § 1631 and *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam), the district court transferred the petition to [the Court of Appeals] for consideration as a motion seeking authorization to file a second or successive § 2254 petition.

*In re: Quinton A. Cage*, No. 18-5914 (6th Cir. Jan. 3, 2019) (slip. op. at 2-3). Petitioner's latest filings continue his series of challenges to his 1994 judgment.

By Order and Memorandum entered on July 26, 1999, the Court granted Respondents' Motion to Dismiss this action without prejudice because Petitioner had not exhausted his state court remedies. (Doc. Nos. 17 and 18). Over twenty years later, Petitioner now returns to the Court with Objections, citing Rule 46 of the Federal Rules of Civil Procedure and asking the Court "to

---

[1] The instant action was first in a line of eight federal habeas petitions filed by Mr. Cage challenging the same underlying state court judgment. The eight district court habeas case numbers are: 3:99-cv-362, 3:99-cv-1055, 3:00-cv-611, 3:02-cv-229, 3:13-cv-602, 3:13-cv-1133, 3:18-cv-787, 3:21-cv-446.

reconsider its order ruling inmate Cage's claims . . . dismissed due to his failure to exhaust state remedies." (Doc. No. 27 at 1). But "Rule 46 addresses pretrial procedures and is not an appropriate vehicle to request relief" of this nature. *Adams v. Lewis*, No. 1:22-cv-125, 2022 WL 2840576, at *1 (E.D. Tenn. July 20, 2022); *see* Fed. R. Civ. P. 46 (abolishing the need for formal exceptions to court rulings or orders); *Retamar-Lopez v. Bd. of Educ. of the Dublin City Sch. Dist.*, No. 2:13-CV-0161, 2013 WL 12130342, at *1 (S.D. Ohio Sept. 23, 2013) (finding that "a litigant cannot use Rule 46 as a predicate for making or opposing a motion for relief" or "as an attempted end run around the rules and this Court's prior rulings"). Thus, Petitioner's instant Rule 46 Objections are inapplicable to this case at this juncture, and the Court need not consider them.

Nevertheless, Petitioner asks the Court to "reconsider" its earlier ruling. There is no federal procedural rule permitting motions for reconsideration. However, Rule 59(e) of the Federal Rules of Civil Procedure permit motions to alter or amend judgment. A Rule 59(e) motion may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999). Rule 59 motions must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Petitioner's filing clearly is too late to be considered as a Rule 59 motion.

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or the judgment is based on an earlier

judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). A motion for relief from a judgment or order under Rule 60 must be filed "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Petitioner's filing—over two decades after the Court's decision—comes too late to be considered under Rule 60 as well.

In any event, the crux of Petitioner's filing is "their [sic] is no requirement for exhaustion." (Doc. No. 27 at 1). The law is well established that a petition for federal habeas corpus relief will not be considered unless the petitioner has first exhausted all available state court remedies for each claim presented in his petition. *Irick v. Bell*, 565 F.3d 315, 323 (6th Cir. 2009).

Petitioner's latest attempt to challenge the Court's 1999 dismissal of this action (Doc. No. 27) is **DENIED**.

Finally, Petitioner asks the Court to "apply" his recent filings to Case Nos. 3:03-cv-00010 and 3:03-cv-00111. (Doc. No. 29 at 1). Both of those cases have been closed for nearly twenty years. The Court declines to docket the recent filings in those cases based on the information presently before the Court. If Petitioner wishes to pursue federal civil rights claims, he must initiate a new civil action by filing a complaint and paying the filing fee. The Court makes no representations herein regarding the timeliness of any such claims.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE